# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| **GINGER L. EDWARDS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-00429-O-BP |
| | § | |
| **CITY OF FORT WORTH, *et al.*,** | § | |
| | § | |
| Defendants. | § | |
| | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

In this case removed from the Justice of the Peace Precinct No. 5 Civil Docket in Tarrant County, Texas, Plaintiff Ginger L. Edwards ("Edwards") alleges that the City of Fort Worth ("the City") and Fort Worth Police Department Sergeant Armistead, Badge #3882 ("Armistead") violated her civil rights. ECF No. 6. The case was referred to the undersigned pursuant to Special Order No. 3 on May 17, 2022. ECF No. 2.

Now before the Court are Armistead's Motion for Dismissal and Brief in Support (ECF No. 7), filed June 6, 2022; the City's Motion to Dismiss with Brief in Support (ECF No. 10), filed June 10, 2022; Plaintiff's Response to Defendants' Motion to Dismiss (ECF No. 15), filed June 15, 2022; Plaintiff's Response to Armistead's Motion to Dismiss and Brief (ECF No. 18), filed June 27, 2022; Plaintiff's Response to the City's Motion for Dismissal (ECF No. 19), filed June 27, 2022; and Armistead's Reply (ECF No. 20), filed June 28, 2022.

After considering the pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** Armistead's and the City's Motions to Dismiss and **DISMISS** Plaintiff's Amended Complaint **with prejudice**.

## I. BACKGROUND

In her Amended Complaint, Edwards alleges that the City and Armistead denied her the "civil rights to make a report" against Grant H. Jack ("Jack") "a former DHS agent" and "former Dallas County DA Investigator" who allegedly abused Edwards for twelve years. ECF No. 6 at 1-2. She asserts that their failure to pursue Jack caused her "severe hardship, mental anguish, and fear." *Id.* at 1. She further alleges that she was attacked by a man at a park, and the Fort Worth Police Department refused to take her complaint. *Id.* at 3. She claims that the City did not protect her from future abuse, placing her in direct danger from her abuser. *Id.*

Edwards initially filed a small claims court petition against the defendants for preventing her from making a report, alleging violations of 18 U.S.C. §§ 241 and 245. ECF No. 1-5 at 1. Defendants removed the case, and the undersigned ordered Edwards to file an amended complaint. ECF Nos. 1, 4. Edwards filed her First Amended Complaint on June 2, 2022. ECF No. 6.

In response to the First Amended Complaint, Armistead moved for dismissal under the doctrine of qualified immunity. ECF No. 7. The City moved for dismissal, asserting that Edwards had not sufficiently pleaded municipal liability. ECF No. 10. Edwards responded to both motions. ECF Nos. 15, 18, 19. Armistead filed a reply in support of his Motion to Dismiss. ECF No. 20.

## II. LEGAL STANDARDS

### A. Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Rules require that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). A complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 557).

When dealing with a *pro se* party, courts are to liberally construe the pleadings, taking all well-pleaded allegations as true. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "even a liberally-construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Texas at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976).

### B. Qualified Immunity

"Qualified immunity shields government officials performing discretionary functions from liability unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Gibson v. Rich*, 44 F.3d 274, 277 (5th Cir. 1995) (citing *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994)). "[T]he immunity issue must be resolved at

3

the earliest possible stage of the litigation since it entails an entitlement to immunity from suit and not merely a defense to liability." *Id.* (citing *Hunter v. Bryant*, 502 U.S. 224, 226 (1991)). Qualified immunity can be decided at the Motion to Dismiss stage as it is the earliest possible stage in litigation. *Carswell v. Camp*, 37 F.4th 1062, 1068 (5th Cir. 2022)

To overcome the defense of qualified immunity, a plaintiff must show "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (citations omitted). "[A] good-faith assertion of qualified immunity alters the usual summary judgment burden of proof, shifting it to the plaintiff to show that the defense is not available." *Ratliff v. Aransas Cnty.*, 948 F.3d 281, 287 (5th Cir. 2020).

### C. Municipal Liability

"A municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondent superior theory." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). However, municipalities may be held liable under § 1983, but only where a custom, policy or practice is the moving force behind a constitutional violation. *Hampton Co. Nat'l Sur., LLC v. Tunica Cty.*, 543 F.3d 221, 224 (5th Cir. 2008). Establishing "[m]unicipal liability under Section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 412 (5th Cir. 2015) (quoting *Monell*, 436 U.S. at 694).

### III.   ANALYSIS

#### A.   Edwards has not pleaded sufficient facts to defeat Armistead's qualified immunity defense.

Edwards alleges in her Amended Complaint that police officers violated her civil rights by refusing to let her make a report against Jack or press charges against her attackers. ECF No. 6 at 1, 3. These are two separate allegations of violations of two different constitutional rights.

##### i.   There is no constitutional right to file a police report.

Refusing to file a police report does not violate the Constitution. *Santos v. Welty*, No. 5:20-cv-205-BQ, 2021 WL 1799828 (N.D. Tex. Mar. 25, 2021), *rec. accepted*, 2021 WL 1792130 (N.D. Tex. May 5, 2021); *Etienne v. EBR-COA*, No. 17-445-SDD-RLB, 2018 WL 2124890, at *3 (M.D. La. Apr. 17, 2018) ("Failure to file a police report, even by the police, is not a constitutional violation."), *rec. adopted*, 2018 WL 2125943 (M.D. La. May 7, 2018). Because there is no constitutional right to file a police report, Edwards has not pleaded a constitutional violation that would support her claim.

However, even if she had a constitutional right to file a police report, Edwards has not pleaded specific facts to show how Armistead, or the City, prevented her from filing a report. A claim must contain a short and plain statement of the claim showing that the pleader is entitled to relief by including sufficient factual allegations "to raise a right to relief above the speculative level." Fed. R. Civ. P. 8(a); *Twombly*, 550 U.S. at 555. Edwards has not specified any details regarding how Armistead or any other Fort Worth police officer prevented her from filing a report. She has included no reference to dates, times, conversations, or any other facts in her Amended Complaint that demonstrate Armistead, or any other officer, violated her civil rights. She merely makes conclusory statements regarding Armistead and unnamed other officers. *See* ECF No. 6 at

1. Thus, she has not pleaded any specific facts that allow the Court to draw any reasonable inference that Armistead or the City is liable for violating her constitutional rights.

Further, assuming that Edwards had sufficiently pleaded a constitutional violation, she still would not defeat Armistead's right to qualified immunity. Failing to file a police report is not a violation of a constitutional right so clearly established that every reasonable police officer would have known his acts violated that right. *Al-Kidd*, 563 U.S. at 741. Edwards has not cited any legal authority demonstrating such a right. *See generally* ECF Nos. 6, 18. Moreover, the lack of any authority from the Supreme Court or Fifth Circuit Court of Appeals on this point strongly suggests that there is no settled right to file a police report such that every reasonable police officer would have known that the right existed. Armistead's conduct was not a violation of a clearly established constitutional right, and Edwards has offered no clearly established authority showing otherwise.

### ii. Armistead is not liable for decisions concerning pressing charges or for failing to protect Edwards.

Edwards also alleges that Armistead refused to let her press charges, but this does not state a constitutional violation. Individual police officers are not responsible for making charging decisions. *See Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) (holding that the decision whether to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in the discretion of the prosecutor). Therefore, there is no constitutional injury when a police officer does not press charges, as it is beyond his limited role as a law enforcement officer.

Liberally construed, Edwards's Amended Complaint also asserts that Armistead failed to protect her from further abuse. ECF No. 6 at 3. Edwards alleges that Armistead and other officers did nothing to help her because they were "protecting one of [their] buddies," claiming that no one came to her residence when she called 911 and that the officers failed to do their job. ECF No. 6

at 3, 4. To the extent that these claims might assert a claim that Armistead violated Edwards's rights under the Due Process Clause, the undersigned again finds no constitutional violation.

Nothing in the language of the Due Process Clause requires the state to protect the life, liberty, and property of its citizens by private actors. *DeShaney v. Winnebago*, 489 U.S. 189, 195 (1989). The Due Process Clause generally confers no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual. *Id.* at 196. The state has no duty to provide members of the general public with adequate protective services. *Id.* at 197. Thus, even though law enforcement officers have the authority to act, failure to protect an individual against private violence does not constitute a violation of the Due Process Clause. *Id.* at 197 (holding that the state's failure to provide a young boy with adequate protection against his father's violence did not violate his constitutional rights under the Due Process Clause); *McKee v. City of Rockwall, Tex.*, 877 F.2d 409, 413 (5th Cir. 1989). Therefore, even if Armistead and other unnamed Fort Worth Police officers failed to act upon Edwards's request, their failure to act is not a constitutional violation. Edwards has not alleged a constitutional injury and, therefore, cannot overcome Armistead's qualified immunity defense.

However, even if Edwards had pleaded a constitutional violation, Armistead still faces no liability because Edwards has not shown that every reasonable police officer would have known that the alleged conduct violated her constitutional rights. Edwards has not cited any legal authority to support such a right. *See generally* ECF Nos. 6, 18. Moreover, an officer's failure to act is not a constitutional violation so well established that every reasonable police should have known his actions would violate that right. As shown above, the prevailing authority is otherwise. *See DeShaney*, 489 U.S. at 196. Thus, Armistead's conduct was not a violation of a clearly established

constitutional right, and Edwards has not pleaded sufficient facts to overcome Armistead's defense of qualified immunity.

### B. Edwards has not pleaded facts to allege the City's municipal liability.

Edwards bases her claims against the City on alleged violations of her constitutional rights by Armistead and unnamed police officers. ECF No. 6 at 1, 4. However, a municipality cannot be held liable under section 1983 on a theory of respondeat superior. *Monell*, 436 U.S. at 689; *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 403 (1997). A city may only be liable for actions that implement or execute policies officially adopted by the city's officers. *Monell*, 436 U.S. at 690-91. Therefore, the City is not liable to Edwards because of Armistead's alleged violations of her constitutional rights simply because it employed him as a police officer.

To survive a motion to dismiss, Edwards must plead facts with sufficient particularity to meet all of the elements of municipal liability set forth in *Monell*. *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992). She must plead facts to show "a policymaker, an official policy, and a violation of constitutional rights whose 'moving force' is the policy or custom." *Fennell*, 804 F.3d at 412 (quoting *Monell*, 436 U.S. at 694).

Before a plaintiff can sue a city under the theory of municipal liability for a policy or practice, however, there must be an actual violation of a plaintiff's constitutional rights underlying the claim. *See Blackburn v. City of Marshall*, 42 F.3d 925, 935 (5th Cir. 1995) (holding that a plaintiff must first identify a life, liberty, or property interest protected by the Fourteenth Amendment and then identify a state action that resulted in a deprivation of that interest). Without an actual constitutional violation, any alleged custom or policy is irrelevant. *City of Los Angeles. v. Heller*, 475 U.S. 796, 799 (1986). Edwards has not shown a constitutional violation, and even if she had, she has not pleaded facts demonstrating that any City policymaker established a policy or

custom that was a "moving force" in the constitutional violation. Therefore, the City is entitled to dismissal of her claims against it.

### C. Because Edwards has pleaded her best case, Judge O'Connor should dismiss her Amended Complaint with prejudice.

A pro se litigant should be afforded an opportunity to amend her complaint before it is dismissed. *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). However, this opportunity is unnecessary when a plaintiff has already pleaded her "best case." *Id.* at 768. A plaintiff has pleaded her best case after she is "apprised of the insufficiency" of her complaint and does not amend it. *Morrison v. City of Baton Rouge*, 761 F.2d 242, 246 (5th Cir. 1985). Here, the Court ordered Edwards to replead her complaint in compliance with the federal pleading requirements. ECF No. 4. In response, Edwards amended her complaint once (ECF No. 6) and has not sought leave to amend it again. Consequently, it appears that Edwards has pleaded her best case, and Judge O'Connor should dismiss it with prejudice.

## IV. CONCLUSION

Because Edwards has not pleaded facts to show that Armistead violated her constitutional rights or that he violated clearly established law, she has not rebutted Armistead's qualified immunity, and he is entitled to dismissal of her claims. Likewise, dismissal of Edwards's claims against the City is appropriate because she has not alleged facts to establish its municipal liability. Edwards has amended her complaint and has pleaded her best case, though that case is legally insufficient to state a claim. Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Armistead's Motion to Dismiss and the City of Fort Worth's Motion to Dismiss and dismiss Edwards's Amended Complaint **with prejudice**.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions,

and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

      **SIGNED** on November 28, 2022

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE